**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**ERIC PATRICK FLOYD, a/k/a "E,",**

    Petitioner,

v.                                                **Civil Action No. 3:11-CV-98**
                                                     **Criminal Action No. 3:08-CR-79-1**
                                                     **(BAILEY)**

**UNITED STATES OF AMERICA**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.    Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Civ. Doc. 7; Crim. Doc. 226], filed February 22, 2012. In that filing, the magistrate judge recommends that this Court deny petitioner Eric Patrick Floyd's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Crim. Doc. 193], filed October 11, 2011.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due on March 12, 2012, pursuant to 28 U.S.C. § 636(b)(1). Floyd timely mailed his Objections [Doc. 232] on March 6, 2012. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. Background

Insofar as Magistrate Judge Seibert has thoroughly outlined the relevant factual and procedural history in his R&R, this Court repeats here only a condensed version of that summary. In June 2009, Floyd pled guilty, without a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006); nine counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006); two counts of possession with intent to distribute cocaine, in violation of § 841(a)(1); and one count of possession with intent to distribute marijuana, in violation of § 841(a)(1). After his sentencing in December 2009, Floyd appealed to the United States Court of Appeals for the Fourth Circuit, challenging this Court's denial of his motion to withdraw his guilty plea on the grounds that he did not enter his guilty plea knowingly and voluntarily and that counsel provided ineffective assistance during plea negotiations and the plea colloquy. By Judgment entered July 8, 2010 [Crim. Doc. 174], the Fourth Circuit affirmed this Court's decision.

In October 2011, Floyd filed the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Crim. Doc. 193], which he then filed on the court-approved form in December 2011 [Crim. Doc. 212]. Floyd asserts six claims of ineffective assistance of counsel, namely that counsel was ineffective by: (1) advising him to reject three separate plea agreements because stipulating to a total drug relevant conduct that included 116 grams of cocaine base would negatively affect his sentence, (2) failing to explain that moving to withdraw his plea could result in the loss of a sentence reduction for acceptance of responsibility, (3) failing to explain that any false testimony given in support of his attempt to withdraw his guilty plea counsel could result in a sentence enhancement for obstruction of justice, (4) failing to argue at sentencing that this Court should group Counts Two through Thirteen with Count One, (5) failing to object at sentencing that this Court's grouping resulted in double counting of the drug weights attributed to him, and (6) failing to object at sentencing to this Court's enhancement for obstruction of justice ("Claims One through Six"). In February 2012, the Government filed a Response [Crim. Doc. 225] countering each of Floyd's claims.

On February 22, 2012, Magistrate Judge Seibert filed the instant R&R [Civ. Doc. 7; Crim. Doc. 226], recommending that this Court deny and dismiss Floyd's § 2255 petition in its entirety. Floyd timely objected [Crim. Doc. 232].

### III.  Discussion

#### A.  Ineffective Assistance of Counsel Standard

To establish a claim for ineffective assistance of counsel, Floyd must demonstrate that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) the

3

petitioner was prejudiced by counsel's deficient performance. ***Strickland v. Washington***, 466 U.S. 668, 687 (1964).

### B. *De Novo* Review

In his Objections, Floyd challenges the recommendations of Magistrate Judge Seibert on Claims One, Two, and Six. As such, this Court will review those recommendations in turn *de novo*.

#### 1. Claim One: Rejection of Plea Agreements

In Claim Two, Floyd asserts that his counsel was ineffective by advising him to reject three separate plea agreements because stipulating to a total drug relevant conduct that included 116 grams of cocaine base would negatively affect his sentence. Floyd argues that this advice was inaccurate and that he would have still been facing a higher total offense level for the quantity of cocaine hydrochloride relevant conduct. Absent this advice, Floyd claims he would have accepted a plea agreement containing a stipulation to 116 grams of cocaine base. The magistrate judge recommends dismissal because the record shows that each of Floyd's three proposed plea agreements provided that the total drug relevant conduct included 198.45 grams of cocaine base and that counsel's advice to reject plea agreements containing such a stipulation was sound. Floyd objects.

This Court agrees with the magistrate judge and adopts his recommendation of dismissal. All three proposed plea agreements state that the total drug relevant conduct included 198.45 grams of cocaine base. See Docs. 225-1, 225-2, & 225-3. Thus, Floyd never had the opportunity to accept, let alone reject on bad advice, a stipulation to 116 grams of cocaine base. What is more, based upon the actual facts, Floyd's rejection of the

4

plea agreements was a sound decision. The 198.45 grams of cocaine base, converted to marijuana equivalency grams, would have given Floyd a base offense level of 34, whereas the cocaine hydrochloride alone would have only given Floyd a base offense level of 32. As such, Floyd cannot demonstrate ineffective assistance of counsel based upon allegedly inaccurate advice. Accordingly, Floyd's Objections are hereby **OVERRULED** to the extent that they relate to Claim One.

### 2. Claim Two: Loss of Acceptance of Responsibility Reduction

In Claim Two, Floyd asserts that his counsel was effective by failing to explain that moving to withdraw his plea could result in the loss of a sentence reduction for acceptance of responsibility. The magistrate judge recommends dismissal because the record shows that Floyd was aware that his attempt to withdraw his plea could jeopardize his acceptance of responsibility. Floyd objects.

This Court agrees with the magistrate judge and adopts his recommendation of dismissal. In moving to withdraw his guilty plea, Floyd stated, through counsel, that "[w]hile the reality is that [he] would be worse off by being allowed to withdraw his guilty plea (**he will lose acceptance of responsibility by going to trial**), that is the result of [sic] the law of this circuit requires on these facts." ([Crim. Doc. 113] at ¶ 15) (emphasis added). Attached to the motion is an affidavit bearing Floyd's signature [Crim. Doc. 113-1]. As such, Floyd cannot demonstrate ineffective assistance of counsel based upon an alleged failure to explain that an attempt to withdraw his plea could result in a loss of acceptance of responsibility. Accordingly, Floyd's Objections are hereby **OVERRULED** to the extent that they relate to Claim Two.

5

### 3. Claim Six: Obstruction of Justice Enhancement

In Claim Six, Floyd asserts that his counsel was ineffective by failing to object at sentencing to this Court's enhancement for obstruction of justice. The magistrate judge recommends dismissal because the record shows that Floyd's counsel did in fact object to this Court's sentence enhancement for obstruction of justice. Floyd objects.

This Court agrees with the magistrate judge and adopts his recommendation of dismissal. Prior to sentencing, Floyd's counsel filed three written objections to the probation officer's finding that the obstruction enhancement was appropriate. At sentencing, this Court overruled those objections after hearing the proferred testimony of the Government. As such, Floyd cannot demonstrate ineffective assistance of counsel based upon an alleged failure to object to the obstruction enhancement. Accordingly, Floyd's Objections are hereby **OVERRULED** to the extent that they relate to Claim Six.

### C. Clear Error Review

In his Objections, Floyd does not challenge the recommendations of Magistrate Judge Seibert on Claims Three, Four, and Five. Having reviewed those recommendations for clear error, this Court finds none.

### IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 7; Crim. Doc. 226]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, Floyd's Objections **[Crim. Doc. 232]** are **OVERRULED**. Accordingly, Floyd's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civ. Doc. 1; Crim. Doc. 193]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Floyd has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 20, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE